(No. 3352—

EUGENE EVANS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1942.*

CASSIDY, KNOBLOCK & SLOAN, for claimant.

GEORGE F. BARRETT, Attorney General; BEN F. RAILSBACK, Assistant Attorney General, for respondent.

ECKERT, J.

On June 18, 1937, the claimant, Eugene Evans, was employed by the Department of Public Works and Buildings in the Division of Highways on the premises known as State Highway Garage on Route No. 88, north of the City of Peoria, Illinois. He was unloading crushed rock from a railroad car using a tripod derrick which fell from the edge of a coal car, catching claimant's wrist between the top of the coal car and one of the legs of the derrick.

Claimant was given immediate first aid treatment at the State Highway Garage and was then taken to the office of Dr. J. T. Jenkins in Peoria. Dr. Jenkins found claimant suffer-

ing from a fracture of the junction of the lower middle third of the left radius. An x-ray was taken and claimant was removed to the Methodist Hospital of Central Illinois in Peoria, where an operation was performed and the arm placed in a cast. When the cast was removed two weeks later, another x-ray disclosed that the arm had not set. This resulted in a second operation and the placing of the arm in a cast for three months. Claimant remained under the care of Dr. Jenkins until January, 1938, when he was taken to Chicago and placed in charge of Dr. H. B. Thomas, who found an ununited fracture of the left radius, lower third. A bone graft was performed by Dr. Thomas who continued in charge of the case until April 15, 1938, when claimant was discharged. Compensation for temporary total incapacity was paid by the respondent to claimant at the rate of $9.50 per week from June 19, 1937, to April 15, 1938, and respondent has paid for all medical and surgical services.

During the twelve-month period prior to the accident in question, claimant received as wages from the Division of Highways, the sum of $987.60. At the time of the accident he had no children under the age of sixteen years. Claimant and respondent were operating under the provisions of the Workmen's Compensation Act and notice of the accident and claim for compensation were made within the time provided by said Act. Furthermore, the accident arose out of and in the course of the employment.

Claimant alleges he is entitled to further compensation for temporary total incapacity from April 15, 1938, to May 25, 1938. He testified that he was unable to report back to work until May 25, 1938, giving as his reason that he was "in a cast most of the time." It is clear from the record, however, that claimant was discharged by Dr. Thomas on April 15, 1938. Furthermore, the evidence shows that the casts were in fact removed prior to April 15, 1938. Claimant being able to return to work on April 15, 1938, he is not entitled to any award for further temporary total incapacity.

Claimant also alleges a sixty-six and two-thirds permanent loss of use of his left arm although the injury in fact was to claimant's wrist. There is no provision in the Workmen's Compensation Act for the specific loss of use of a wrist. Following, however, the decision in the case of *Owens* vs. *State,* 11 C. C. R. 399, a partial loss of use of a wrist must be

considered as a partial loss of use of an arm. Dr. Jenkins, testified that claimant had suffered a sixty to seventy-five per cent loss of motion in the left wrist; that claimant had only five degrees flexion, whereas normal flexion is ninety degrees; that claimant had extension of between five and ten degrees, whereas normal extension is approximately seventy-five degrees; that claimant has thirty degrees supination, whereas normal supination is ninety degrees; that claimant has about fifteen degrees of abduction, whereas thirty degrees is normal; and that claimant has ten degrees of adduction, whereas thirty degrees is normal.

From a careful consideration of the entire record, the court finds that the claimant has suffered a thirty-three and one-third per cent permanent loss of use of his left arm. Claimant's average weekly earnings, during the year preceding the accident were $18.99, making a compensation rate of $9.50 per week. Thirty-three and one-third per cent of two hundred and twenty-five weeks, the period provided for computing total loss of use of an arm, equals seventy-five weeks; seventy-five weeks at $9.50 per week equals $712.50, the amount of compensation due claimant for his permanent partial disability.

Award is therefore entered in favor of the claimant for said sum of $712.50, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.